UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NAKISHA JACKSON                        CIVIL ACTION NO. 19-cv-1006

VERSUS                                 JUDGE FOOTE

ROY L. BRUN, ET AL                     MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION

## Introduction

NaKisha Jackson ("Plaintiff") who is self-represented, filed this civil action against the State of Louisiana, Judge Roy Brun, and Clerk of Court Mike Spence to seek relief in connection with a state court proceeding that resulted in a protective order being issued against Plaintiff. She asks that the federal court overturn the state court judgment, grant her $4 million in damages, and discipline the individuals responsible. For the reasons that follow, it is recommended that this civil action be dismissed for failure to state a claim on which relief may be granted.

## Relevant Allegations

Plaintiff alleges that she is a physical therapist with a private practice in Texas. Her office coordinator signed for mail from the Caddo Parish Clerk of Court on July 8, 2019. Plaintiff learned on July 9th that the documents related to a hearing scheduled in Shreveport for July 10. Plaintiff alleges that she called the Clerk of Court's office to learn more about the matter and ask if it could be postponed because she had not been properly served and needed more time to arrange her practice/patient schedule. She also wanted more time to

find a Louisiana attorney. Plaintiff was told to write a letter and explain her situation, and she faxed one that day.

Plaintiff later called the Clerk of Court's office again and spoke to a different person, who aid that, as far as she knew, no changes had been made to the court schedule, and Plaintiff should report to court on the next day. Plaintiff did attend the hearing.

The person who requested the protective order was the wife of a man with whom Plaintiff alleges she had been friends for 20 years. Plaintiff contacted the woman by social media to complain of what Plaintiff alleged was a fake charity run by the woman. The complaint implies that the woman asked for an order that would direct Plaintiff not to contact her.

Judge Brun presided over the hearing. Plaintiff complains that Judge Brun badgered her about her long friendship with the woman's husband. Plaintiff questioned whether the marriage between the woman and her friend was valid, and she maintained her right as a member of the public to complain about a fake charity and present evidence to back up her claim. Plaintiff states, "It all ended with a judgment against me." She then filed a formal complaint against Judge Brun with the Clerk of Court.

Plaintiff complains that she received insufficient notice of the action against her and the grounds for the requested protective order. She also complains that she was not given a proper opportunity to call witnesses, retain an attorney, and otherwise respond to the request for a protective order. She describes the protective order as forbidding cyber communication, limiting third-party conversations, and requiring her to stay 100 yards from the protected person without just cause. Her complaint invokes 42 U.S.C. § 1983.

**State of Louisiana**

Plaintiff's complaint names the State of Louisiana as the first defendant. "The Eleventh Amendment bars suits by private citizens against a state in federal court." K. P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statutes, but 42 U.S.C. § 1983 is not one of them. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997). The claims against the State of Louisiana must, therefore, be dismissed. The dismissal of the State is for lack of jurisdiction, so it must be without prejudice. Anderson v. Jackson State Univ., 675 Fed. Appx. 461, 464 (5th Cir. 2017), citing United States v. Tex. Tech Univ., 171 F.3d 279, 286 n.9 (5th Cir. 1999).

**Judge Roy Brun**

Plaintiff's complaint names Judge Roy Brun as the second defendant. Judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). The "immunity applies even when the judge is accused of acting maliciously and corruptly." Pierson v. Ray, 87 S.Ct. 1213, 1218 (1967). "It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants." Id. "His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." Id. "Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." Id.

Whether an act by a judge is a judicial one to which immunity applies relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. Mireles, 112 S.Ct. at 288. The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009). These factors are broadly construed in favor of immunity. Id.

The judicial conduct about which Plaintiff complains was unequivocally undertaken in the ordinary exercise of judicial duties and was squarely within Judge Brun's authority as a judicial officer of the court. Conducting a courtroom hearing on a motion for protective order and issuing a decision on that motion are at the heart of judicial duties. All four of the relevant factors support immunity. Judge Brun is absolutely immune from the claim for damages asserted by Plaintiff in connection with those proceedings.

**Clerk of Court Mike Spence**

The final defendant named in the complaint is Mike Spence, the Clerk of Court for the First Judicial District Court. A clerk of court has absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction. They have qualified immunity for routine duties not explicitly

commanded by a court decree or by a judge's instructions.  Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981).

Plaintiff's complaint alleges that Mr. Spence influenced her to appear in court without proper service and did not engage in proper diligence to ensure proper service.  She also complains that he obstructed discovery.  The facts alleged in support of these claims regard Plaintiff speaking on the phone with members of Mr. Spence's staff and Plaintiff filing a complaint about Judge Brun with the Clerk of Court.  These appear to be the sort of routine duties for which Spence is entitled to qualified immunity, and there are no allegations that would deprive him of that immunity.

Furthermore, a claim under Section 1983 requires an allegation that the named defendant was personally involved in the acts that deprived the plaintiff of her constitutional rights.  Plaintiff does not allege that Spence, personally, did or did not do anything in connection with her proceeding.  "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Leal v. Wiles, 734 Fed. Appx. 905, 907 (5th Cir. 2018), quoting Thompson v. Upshur City, 245 F.3d 447, 459 (5th Cir. 2001).  To the extent Plaintiff asks this court to order Mr. Spence to perform his job in a certain way, the federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties.  Moye v. Clerk DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).

**Attack on State Court Judgment**

The first form of relief that Plaintiff seeks is to have the state court judgment overturned. Federal courts have limited jurisdiction, and they lack jurisdiction to entertain collateral attacks on final state court judgments. This rule is known as the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005) (doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal proceedings commenced and inviting federal district court review and rejection of those judgments). See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action."). If a state court errs, the judgment is to be reviewed and corrected by the appropriate state appellate court. Recourse through the federal level is then limited to an application for a writ of certiorari to the United States Supreme Court. Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000). Plaintiff's effort to attack the state court judgment by alleging a civil rights injury is prohibited by the Rooker-Feldman doctrine.

**Sua Sponte Dismissal**

Plaintiff has not yet served her complaint, so no motion has been filed by any defendant. Dismissal is nonetheless appropriate because the complaint fails to state a claim on which relief may be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to

the possible dismissal of her case. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

Accordingly,

It is recommended that Plaintiff's claims against the State of Louisiana be dismissed without prejudice for lack of subject matter jurisdiction. It is further recommended that all other claims against all other defendants be dismissed with prejudice for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge